**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

United States of America

    v.                              Criminal No. 10-cr-158-JL

Thomas Gould

**ORDER OF DETENTION PENDING TRIAL**

In accordance with 18 U.S.C. § 3142(f), a hearing was conducted on November 22, 2011, for the purpose of determining whether to detain the defendant, Thomas Gould, who has been charged by indictment with one count of Bank Robbery, in violation of 18 U.S.C. § 2113(a). The court took the question of bail under advisement and requested the Pretrial Services Officer ("PSO") to determine whether defendant was out on bail when he allegedly committed the instant offense. Defendant did not object to his continued detention to allow time for the inquiry. Research by the PSO revealed that, at the time defendant allegedly committed the instant offense, he was out on bail on a fraud charge pending in the Salem Massachusetts District.

**Legal Standards**

Section 3142(f) of the Bail Reform Act, 18 U.S.C. § 3141-3156, "does not authorize a detention hearing whenever the government thinks detention would be desirable, but rather limits such hearings" to the circumstances listed in 18 U.S.C. §§ 3142(f)(1) and (f)(2).

United States v. Ploof, 851 F.2d 7, 10 (1st Cir. 1988). In this case, the government argues a detention hearing is warranted under 18 U.S.C. § 3142(f)(1)(A), which provides authority for the government to seek detention where a defendant is charged with a "crime of violence." Defendant does not dispute either that bank robbery qualifies as a "crime of violence" under the statute or that the government had the authority to seek a detention hearing.

Pursuant to § 3142(f), the court must determine whether any condition or combination of conditions set forth in subsection (c) will reasonably assure the appearance of the defendant ("risk of flight") and the safety of any other person and the safety of the community ("dangerousness"). 18 U.S.C. § 3142(f); United States v. Patriarca, 948 F.2d 789, 791 (1st Cir. 1991). In making this determination, the court must consider the following: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence as to guilt; (3) the history and characteristics of the accused, including family ties, past history, financial resources and employment; and (4) the nature and seriousness of the danger to any person or the community that would be posed by a release. 18 U.S.C. § 3142(g).

During the course of a hearing conducted pursuant to 18 U.S.C. § 3142, the government has the burden of persuading the court that no condition or combination of conditions will reasonably assure (1)

2

the defendant's presence at trial, United States v. Perez-Franco, 839 F.2d 867, 870 (1st Cir. 1988); or (2) the safety of another or the community. Patriarca, 948 F.2d at 793. For its part, the government is required to prove risk of flight by a preponderance of the evidence and to establish dangerousness by clear and convincing evidence. See id. at 792-93.

### Findings and Rulings

In the instant case, the government argued that defendant's release on conditions would not pose a risk of flight but would pose a risk of danger. After weighing the evidence and balancing the factors laid out in 18 U.S.C. § 3142(g), the court finds that the government met its burden of proving that defendant's release, even on strict conditions, presents too serious a risk of danger to the community. The court considered the factors listed under 18 U.S.C. § 3142(g) and makes the following findings:

Nature and Circumstances of Offense Charged

- The alleged offense is Bank Robbery, a crime of violence. The evidence proffered by the government was that defendant walked up to a bank teller (which bank was located in a grocery store), placed a brown bag on the counter, and demanded the teller give him money. The bag had an alarm clock inside it (which made a

"ticking" sound), but defendant told the teller that the bag contained a bomb.

- The evidence was that defendant's actions were well planned. He decided against robbing two other banks before settling on the bank he is alleged to have robbed.  Defendant also removed the license plates from his car in advance of the bank robbery so that it would be more difficult for the police to detect his involvement.

Weight of the Evidence

- Defendant made a full confession.  The weight of the evidence against him is very strong.

History and Characteristics of Defendant

- Defendant is 47 years old but has a criminal record that dates back to when he was 21 years old.  While much of his record involves dispositions of "continued without a finding," there can be no dispute that defendant has had a steady history of negative interactions with law enforcement.  More recently, at age 44, defendant pled guilty to a charge of Unsworn Falsification, and at age 45, was charged with violating the Abuse Prevention Act.  This is related to a restraining order, currently still in effect, that protects defendant's ex-wife from defendant.  Even more recently on September 28, 2010,

defendant was charged with two fraud-related crimes -- for which he was out on bail when he committed the instant offense.

- Defendant's criminal record is lengthy.  Moreover, defendant was aware at the time he allegedly committed the instant offense that he had been released on bail from a pending charge in Salem District Court.  Defendant is not likely to abide by any conditions this court would set.

- Defendant has been unemployed since 2009, and has a recent history of mental health problems, for which he has received, at best, intermittent treatment.  These are risk factors which, coupled with his lengthy criminal record, weigh heavily in favor of detention.

- Defendant has family ties, including a father with whom he has been living since 2009 and who is willing to act as a third-party custodian.  Defendant's ties to his father, however, were not so strong that they prevented defendant from committing this alleged violent crime.  Nor have defendant's family ties prevented him from having a steady stream of negative interactions with law enforcement throughout his entire adult life.

After weighing the factors listed in § 3142(g), the court finds that defendant's release, even on strict conditions (such as

5

electronic monitoring, home detention, and a third-party custodian), poses too great a risk of danger to the community.  There are no conditions or combination of conditions that will reasonably assure the safety of the community.  Accordingly, it is **ORDERED** that the defendant be detained pending trial.

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility, to be held separately, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of appearing in connection with court proceedings.

**SO ORDERED.**

_____
Landya B. McCafferty
United States Magistrate Judge

Date: November 28, 2011

cc:  Donald A. Feith, Esq.
     Behzad Mirhashem, Esq.
     U.S. Marshal
     U.S. Probation